UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TELESCO, | : | 3:17cv710 (WWE) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FIREMAN'S FUND INSURANCE | : | |
| COMPANY, | : | |
|     Defendant. | : | |

## RULING ON PLAINTIFF'S MOTION TO REMAND

In this action, plaintiff Donato Telesco seeks damages based on defendant's alleged wrongful denial of an insurance claim and violation of the Connecticut Unfair Trade Practices Act.

Plaintiff appears to assert this action on the basis of the same facts as the lawsuit brought by his wife, Anita Pettengill, in which case plaintiff was named as counterclaim defendant. See Pettengill v. Fireman's Fund Ins. Co., 13cv154 (WWE).

On September 21, 2016, a jury rendered a verdict in the Pettengill case; the jury found against Pettengill on her breach of contract claim, and in favor of Fireman's Fund Insurance on its breach of contract counterclaim against Anita Pettengill in the amount of $165,249.28 for water loss and $165,028 for the fire loss in damages. Additionally, the jury found that Fireman's Fund had proved its counterclaim of fraud against Anita Pettengill but awarded no damages; it found against Fireman's Fund on its breach of contract and fraud counterclaims against Telesco. It appears that plaintiff Telesco is now seeking the same insurance proceeds that the jury found were not wrongfully denied in the Pettengill action.

1

The defendant removed this case from the Connecticut Superior Court to the United States District Court on the basis of diversity jurisdiction. Pending before this Court is a motion by the plaintiff to remand to the Connecticut Superior Court, asserting that defendant Fireman Fund Insurance Company cannot claim that it is diverse because it has registered to do business in Connecticut. Plaintiff's motion will be denied.

## **DISCUSSION**

Pursuant to 28 U.S.C. § 1446(b), a case originally filed in state court can only be removed within thirty days after receipt of a pleading, motion, order or other paper from which it "may first be ascertained that the case is one which is or has become removable."

On a motion to remand, the court construes all factual allegations in favor of the party seeking the remand. Metro. Prop. & Cas. Ins. Co. v. J.C. Penney Casualty Ins. Co., 780 F. Supp. 885, 887 (D. Conn. 1991). Moreover, it is well settled that defendant, as the party removing the action to federal court, has the burden of establishing federal jurisdiction. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

The Court finds no procedural defect. The parties are diverse as plaintiff is a Connecticut resident, and defendant Fireman's Fund Insurance Company is a California corporation with its principal place of business in California. There is no dispute that the amount in controversy exceeds $75,000.

## **CONCLUSION**

For the reasons set forth above, the plaintiff's motion to remand to Connecticut Superior Court (Doc. #14 and 16) is DENIED.

Dated this __29th__ day of June, 2017 at Bridgeport, Connecticut.

<u>/s/ Warren W. Eginton</u>
WARREN W. EGINTON
SENIOR U.S. DISTRICT JUDGE