**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**


**DONATO TELESCO**            :        **17cv710**

**v.**                        :

**FIREMAN'S FUND INSURANCE**  :
**COMPANY**


## RULING ON MOTION FOR SANCTIONS

Plaintiff Donato Telesco brought this action against Fireman's Fund

Insurance Company based on his assertion that defendant wrongfully

denied insurance claims related to the fire damage that occurred in June

2011 to the house where he resided with his family.  Plaintiff alleged breach

of contract (count one) and violation of the Connecticut Unfair Trade

Practices Act ("CUTPA") and Connecticut Unfair Insurance Practices Act

("CUIPA") (count two).  In a ruling dated January 3, 2018, this Court

dismissed plaintiff's action.  Defendant now seeks sanctions pursuant to

Federal Rule of Civil Procedure 11 against plaintiff and his attorney in

connection with the filing of the complaint and a prior motion to remand.

## Background

Plaintiff Telesco was previously a party as a counterclaim-defendant

in the suit brought by his wife, Anita Pettengill, seeking the same insurance

proceeds related to the fire damage that he now seeks to recover in this case. However, Telesco was not a party-plaintiff or a counterclaimant-plaintiff in the prior Pettengill action. In the prior Pettengill action, defendant had asserted counterclaims of breach of contract and fraud against Telesco and Pettengill. A jury considered and rejected Pettengill's claim that she was entitled to insurance proceeds for the fire loss. Additionally, the jury found that defendant had proved its counterclaims of breach of contract relative to the fire loss claim and a water loss claim, and that defendant had proved its claims of fraud relative to the water loss claim against Pettengill. The jury found that defendant had not proved its counterclaims of breach of contract and fraud against Telesco.

In a ruling dated June 29, 2017, this Court denied plaintiff's motion to remand, noting that there was no procedural defect or other basis for remand. In the Pettengill action, the Court had denied a nearly identical motion.

In ruling on Telesco's claims in the instant action, the Court found that plaintiff's breach of contract claim was untimely because it was clearly outside of the relevant policy's limitation period, and because plaintiff's action was barred as a compulsory counterclaim that had not been timely asserted. The Court also found that Telesco had asserted a

CUTPA/CUIPA claim, which was nearly identical to the CUTPA/CUIPA claim asserted by Pettengill against defendant that the Court had previously dismissed for failure to allege sufficient factual allegations. The Court dismissed Telesco's CUTPA/CUIPA claim for failure to state plausible allegations of a violation of the relevant statutes, and because it was barred by CUTPA's three-year statute of limitations.

Plaintiff filed two separate motions for sanctions relevant to plaintiff's filing of his complaint and the motion to remand. Each of defendant's motions for sanctions attached a letter that defendant had sent to plaintiff's attorney. A letter dated May 5, 2017 (attached as exhibit 1 to defendant's motion for sanctions based on the filing of the complaint) indicated that defendant intended to file a motion for sanctions in connection with plaintiff's filing his complaint; the letter set forth the bases for sanctions relevant to the filing of the complaint, requested withdrawal of the complaint by May 26, 2017, to avoid the need for filing for sanctions, and attached a proposed motion for sanctions. The letter dated May 9, 2017 (attached as exhibit 1 to plaintiff's motion for sanctions based on the filing of the motion to remand) indicated that defendant intended to file a motion for sanctions in connection with plaintiff's filing his motion to remand; the letter requested

withdrawal of the motion to remand by May 30, 2017, to avoid the need to file for sanctions, and attached a draft motion for sanctions.

In a hearing on May 23, 2018, the Court requested supplemental briefs regarding whether sanctions should enter against the plaintiff, his attorney or both; and the appropriate measure of sanction. The parties have submitted briefs in support and in opposition to the motions for sanctions.

## Discussion

An attorney may be subject to Rule 11 sanctions for presenting frivolous claims in a pleading. Star Mark Management, Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 177 (2d Cir. 2012). "[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness and is not based on the subjective beliefs of the person making the statement." Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 387 (2d Cir. 2003). The Court should consider whether the assertedly frivolous legal argument has no chance of success, or whether there exists "no reasonable argument to extend, modify or reverse the law as it stands." Fishoff v. Coty Inc., 634 F.3d 647, 654 (2d Cir. 2011).

Defendant argues that sanctions are appropriate because plaintiff's attorney should have known that plaintiff's claims were barred for the

reasons set forth by this Court in its ruling on the motion to dismiss; and that the motion to remand was frivolous because the Court had rejected a nearly identical motion in the Pettengill action.

Plaintiff's opposition brief provides no colorable arguments to justify the filing of the complaint and motion to remand. In light of the fact that it was objectively unreasonable for the plaintiff's attorney to believe that the claims in the complaint and the motion to remand could prevail, the Court finds that sanctions should be imposed against plaintiff's attorney.

Defendant proposes as an appropriate sanction an order directing payment of the attorney fees and costs incurred in connection with the suit. Where attorney fees and costs are used as sanction under Rule 11, the award should be based on the total amount of reasonable attorney fees and costs incurred as a result of the offending conduct; the Court should also consider the least amount of sanction necessary to serve the deterrent purposes of Rule 11. Offor v. Mercy Medical Center, 2018 WL 4124488, at *1-2 (E.D.N.Y. Aug. 29, 218). In the Second Circuit, attorney fees are determined by calculating the "presumptively reasonable fee." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 117-118 (2d Cir. 2007). A presumptively reasonable fee comprises the reasonable hourly rate multiplied by a reasonable number of expended

hours. <u>Finkel v. Omega Communication Services, Inc</u>, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008). In assessing the presumptively reasonable fee, the Court should consider the following factors: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. <u>Arbor Hill</u>, 522 F.3d at 186 n. 3.

In considering the reasonable hourly rate, the Court should consider the rate a paying client is willing to pay for efficient and effective litigation of the case that reflects the prevailing market rates. <u>See</u> <u>Arbor Hill Concerned Citizen Neighborhood Ass'n. v. County of Albany and Albany County Bd. of Elections</u>, 522 F.3d 182, 192 (2d Cir. 2008). Defendant has submitted records supporting a sanction in the amount of $27,165.86 based on attorney fees and costs. Attorney Tobin and Attorney Butts billed Fireman's Fund at rates of $325/hour and $255/hour, respectively. The

Court finds that defendant's attorney hourly billing rates are reasonable in light of the work required, the experience of counsel and the market prevailing rates.  <u>See</u> <u>Friedman v. SThree PLC</u>, 2017 WL 4082678, at *6 (D. Conn. Sept. 15, 2017) (citing cases noting prevailing rates).  Further, the Court finds that defendant's proposed attorney fees and costs are reasonable in light of the time and labor required to respond to plaintiff's complaint and motion to remand.  This Court is generally reluctant to impose sanctions.  However, in this instance, the Court finds that Rule 11's purpose to deter frivolous and harassing litigation will be served by imposing sanctions in the amount of $27,165.86.

## <u>Conclusion</u>

For the foregoing reasons, the motions for sanctions (doc. 31 and 32) are GRANTED.  The plaintiff's attorney is hereby instructed to pay defendant the amount of $27,165.86 by providing a check in that amount to defendant's attorneys within 30 days of this ruling's filing date.

Dated this 17th day of September, 2018, at Bridgeport, Connecticut.

<u>/s/Warren W. Eginton</u>
Warren W. Eginton
Senior U.S. District Judge